Case No. 14-3441 Joseph Williams v. Alan Lazaroff Oral Argument No. 16-15 Preside  May it please the Court, Julius Chen on behalf of Petitioner-Appellant Joseph Williams, I would like to reserve four minutes for rebuttal. You may. The District Court's threshold dismissal of Williams' trial counsel claim as procedurally defaulted should be reversed and remanded for further proceedings. That conclusion follows directly from Gunner v. Welch, which held that a habeas petitioner's failure to pursue a trial counsel claim in an Ohio post-conviction proceeding is excused if his direct appeal counsel never imparts information central to pursuing such relief. As this Court noted in granting the Certificate of Appealability, all of the same facts of Gunner apply to the case at hand, and indeed, appellate counsel's actions here were arguably more egregious. That is because Williams got absolutely no advice on when, where, or how to raise his trial counsel claim. Let me stop you right here. It does appear as if Gunner can give you cause. Correct. But you still have to exhaust your cause ground in state court. Correct, Your Honor. That does not appear to have been exhausted. So how do we get around that? Well, we disagree, Your Honor. We think that the claim of the appellate counsel's deficiency in the prejudice was fairly presented. And that's because Williams' basic claim in his state court pleadings is that his appellate counsel did not fulfill a constitutional obligation to advise Williams in the face of repeated inquiries about his trial counsel claim. And that single deficiency gives rise to two consequences. The first is that the – But there were three things that were actually raised below, and failure to advise was not one of those. Well, Your Honor, we think that it's not a matter of looking just to the sort of three headings that Mr. Williams put in his state court pleadings. That's not the way that the fair presentment inquiry works under this Court's precedent, we think. Okay. Which of the three does it fit within, then? We think it fits within the first. Well, again, it's not whether or not it fits squarely within one of them. It's whether or not the substance of the claim was raised to the state courts such that they were aware. The whole purpose of comedy is to give the state court a chance to address whatever the problem is. So they have to know what you're complaining about. That's correct, Your Honor. If you didn't use the exact words, you know, I agree with you there. But which claim was, in your view, sort of close enough, then? The first one. The failure to advise. Because Williams states, as to the first claim, that appellate counsel did not contact him and did not communicate with him. That's both in his... But the failure to raise in the first claim, as I understand it, right, so tell me if I'm wrong, involved failing to call the alibi witnesses, failing to investigate the crime scene, and failing to enlist a psychiatric expert. Which one of those are even close to failing to tell me what the time limits were or which court I had to file in? Well, Your Honor, again, we don't believe that those specific arguments are the ones that we're relying on. We're relying on Williams' assertion that his appellate counsel never contacted him. He states that clearly both in his Rule 26B affidavit and with respect to that claim. It's one of the first sentences in his argument under that heading. He states that I was not contacted. And he says if I had been contacted, I would have, some of these errors could have been avoided. And we think that here that it's, we're talking about a single deficiency here. So would it be sufficient then to avoid this presentation requirement, this exhaustion requirement, to simply say in a petition that I wasn't contacted by my lawyer? Well, we think that the whiting, yes, and we think that the whiting... Well, it obviously depends on how well it's presented and also the overall context. But we think here that the whiting versus Burke case is very instructive. There you have a situation in which you have a habeas petitioner who makes a claim that his appellate counsel, much like here, did not raise certain arguments on the direct appeal that would have led to a reversal of the conviction. And the question for this court was whether or not he had fairly presented a conflict of interest claim. And the court found that he had done so, even though his conflict of interest, his factual basis, had not been not included as a separate ground, not specifically argued at any length, and certainly could have been made in a more specific and more emphatic manner. And, in fact, the court finds that fair presentment based on a single sentence in which whiting in that case simply notes the fact that his trial counsel and his appellate counsel were the same. And so that was enough to fairly present a conflict of interest claim. And we think that this case is even easier than whiting because Williams proceeded pro se at the time he presented his Rule 26b application to the state courts. And in whiting's case, he was actually counseled at the time. And so if that single sentence authored by counsel is sufficient, we would submit the same is true in this case with the pro se defendant, whose pleadings are subject to the liberal construction standard. Now, if there is any doubt as to the fair presentment, we think that two further points weigh in favor of resolving that inquiry in favor of Williams. The first is that the reason that Williams did not focus more on his loss of the post-conviction hearing is that he was not counseled as to the differences in Ohio law and as to the correct view of Ohio law by his appellate counsel. And so in that sense, that single deficiency is doubly prejudicial to Williams because it would bar not only consideration of the trial counsel claim, but also the appellate counsel claim as well. And the second point I want to make goes to the comedy interest that you raised. And here we don't think that requiring exhaustion would further any comedy interest here because Gunner's rule, and we can see this from the Gunner case. In the Gunner case, he raised the 26B application, and he argued that he essentially should be given relief for his post-conviction proceeding. And there the Ohio Court of Appeals said, we don't believe that's correct. And as we said at pages 26 to 27 of our opening brief, it denies that motion because, quote, this was not a ground for relief under 26B. So we think that it really makes no sense to require Williams to present a claim to the state court that the state court itself essentially deems improper and says you don't need to raise it here or we're not going to even consider this claim. And so in that sense, we think there's no comedy or federalism interest. If the court finds that Gunner controls here, the state agrees, such as on page 13 of its brief, that such a finding, quote, should lead to a remand, we think that relief is appropriate in this case. The state makes a further suggestion, of course, in its brief, that there can be an affirmance on the merits. But just as in the Bigelow-Williams case, we think that suggestion should be rejected because Williams's claim is not subject to plenary rejection here. And as the Certificate of Appealability recognizes again, the merits of the claim are debatable, they remain an open question, and they are actually obscured by appellate counsel's errors. But nonetheless, based on the current record that we have, Williams has already facially alleged the denial of a constitutional right. As to the merits of the trial counsel claim, the state makes a number of claims about strategy, but we think there can be no strategic decision here in the absence of counsel's failure to investigate. What kind of alibi witnesses are you alluding to? I understand this was a big area and he could have gone anywhere with this person. Well, we know the specific place that the crime is alleged to have taken place. It was within the parlor, within the wing of the nursing home. But as to the alibi witnesses, we think that those would certainly overcome a or that it would be possible to have a finding of prejudice. And it's certainly not categorically foreclosed. Again, that's the standard here because there's been no factual development yet. Well, you filed your five witness statements. So of the 15 or so people that were there, whatever the number was, you've contacted them and you've reduced their input to writing. But these statements don't account for the full three-day period. Well, we don't think that it needs to account for the full three-day period, because Williams, remember, is essentially trying to prove a negative here. He's trying to say, I was not in that room with K.W. at that time. And the more witnesses that he has to come in and say that they were with him, they were constantly in his company, the more likely it is that the jury can say, you know, actually somebody was with him. And we do have witnesses that have testified, such as Shannon Connell. He states that he was there for two days. And I want to point out that this case, actually, we can see from the trial transcript, we know that the crime occurred on one of two days prior to the third day they were there when the mother passed away. So if, for example, Shannon Connell was there and he says, I was constantly in Williams' company at that point, and that matches up with those two days, that alone would be enough, I think, for a jury to find that, you know, there is a plausible alibi. You're saying that counsel did not contact these witnesses to get one statement one way or the other. Correct. Even though they were available to him. That's correct, Your Honor. And appellate counsel did not adequately raise this deficiency at the appellate level. Yes, yes. So as the certificate points out, the appellate counsel is just a gateway claim to get to the trial counsel claim. If there are no further questions at this time, I'd like to preserve the balance of my time. All right. Thank you. Judge McKeegan, may it please the court. Peter Reed for the warden. A defaulted ineffective appellate counsel claim cannot serve as cause to excuse the defaults of an underlying trial counsel claim. That leaves Williams two alternatives. First, he can agree with the warden that this ineffective appellate counsel claim was not presented in federal court, or in state court, which means it's now defaulted. How does Gunner affect your argument on that point? I think that Gunner does not have any application to that point. Gunner provides the basis for his appellate counsel claim, but it does not and cannot excuse its default in state court. So the second option that he has here is to say that he actually did present this claim in state court. But that means edpedeference, no hearing in federal court on the appellate counsel claim, and conceding that the state court got it right in finding no prejudice. Begin with that second path, because Williams asserts that he did present that claim in state court. In Pellet and Hodges, this court said that the defendant must present the same claim on the same theory, presenting both its factual basis and its legal basis in state court. Well, the 26B application raised a ineffective appellate counsel claim. It didn't raise this claim, because it raises it on a different theory and a conflicting theory, and on the basis of different facts. Well, Mr. Chen argues that it's basically good enough to claim that you weren't contacted by your counsel, so you didn't have a chance to discuss issues. I'll say a couple of things to that, Your Honor. First, I think the argument that he is making is two steps removed from the argument he made in state court. In state court, he asserted that appellate counsel is ineffective for not raising the claims on direct appeal. And in factual support, his affidavit says in paragraphs 1 and 4 that he did not, that those claims weren't actually raised in the direct appeal brief, and he says that counsel didn't ask him before making that omission. In federal court, however, he says that appellate counsel is ineffective for not advising him about the content and deadline for his post-conviction petition. That argument assumes that appellate counsel should not have raised them on direct appeal, but instead should have told him to raise them in his post-conviction petition. That's a different theory and was not fairly presented in front of the state court. State court didn't have a chance to review it. What about the fact that if you have a pro se that we adhere to the liberal construction rule, which is what Mr. Chen has said, how does that impact your argument? In fairness to Mr. Chen, he says that we should liberally construe his habeas filings. He does not say that we should liberally construe his state court filings, and I think that is correct. The law of the circuit says you liberally construe a federal habeas petition, but there is no room in the fair presentment rule for liberal construction of state court rulings because the question is whether it was fairly presented to the state court, whether the state court had a chance to rule on it. In the Whiting v. Burt case involved a situation where the issue was presented basically in one sentence and the court found that that was sufficient. I know you said there is no room for this liberal construction, but the language used here before the state court to present the claim, you argued that that is insufficient, and when you measure that against the Burt standard, how does that play out? Well, I think that the important part to begin with is the either or. He can't have it both ways. He can't say both that this claim is not procedurally defaulted and say that he can avoid AEDPA deference, and particularly deference to the state court ruling that there was no prejudice here because the underlying claims did not have any merit. As to the Whiting case that you refer to, I think that claim is very easily distinguished here because there it was the same theory and it was based on the same facts. And more importantly, I think, in that case it was raised in his brief. Here Mr. Chen refers to one line. It's a catch-all, paragraph 13 of the attached affidavit. An affidavit can't preserve a claim because it can't be ruled on by the state court. Paragraph 13 simply says that the above deficiencies, namely deficiency in not raising the claims on direct appeal, could have been avoided if counsel had communicated with the defendant. That is, if he had asked the defendant, the defendant would have told him to raise the claims on direct appeal. We know that because that's what his letter to counsel said and that's what his 26B application says as well. And so we have a different theory. We should have raised it in his direct appeal in state court from the theory in federal court. And we have different factual assertions in the state court than the factual assertions in federal court. And under Hodges and Paulette in this court's precedent, that claim is not fairly presented. And again, the important point here is that the state court didn't have a chance to rule on it. That's what the doctrine of fair presentment is there for, for the state court to be able to have an opportunity to rule on that. So if we move down past the question of whether he preserved it in state court to some of Mr. Chen's other points in reference to Gunner. As I said earlier, Gunner only provides the basis for the claim. It does not excuse its default. And it's black letter law in this circuit that an appellate counsel claim must be preserved in order to serve as cause for an underlying default. That was decided by the Supreme Court in the Edwards case in 2000, out of Ohio, in fact, out of this very same scenario with the 26B application. And this court in Tulliver, I believe, refuted his second point. In Tulliver, this court said that appellate counsel has no duty to advise his client about the proper content or deadline for a 26B application. I believe it was Judge McKeague writing with Judge Sir Heinrich. So in Tulliver, he said that there was no right, or that he has, appellate counsel has no duty to advise about the proper content of a 26B. And so here, the fact that he didn't know at the time when he filed his 26B that he should have filed it in his post-conviction under Mr. Williams' theory does not actually serve as cause to excuse the default here. The reason for that is because appellate counsel has no duty to advise him about the proper content for a 26B petition. More generally, this court in Lopez held that ineffective appellate or ineffective assistance of appellate counsel claim has to be raised in 26B or it's defaulted. There's no third level of default, and that's what Lopez held, is because there's no right to counsel in a 26B case, that's the end of the line. There is no third level of ineffective assistance claims to be presented. Finally, this case is like Gunner in some ways, but it is not like Gunner in a very important point. In paragraph 5 of that opinion, this court pointed out that this specific claim was raised in state court in Gunner. Here, it very specifically was not raised in the 26B, and in fact, he asserted a different and conflicting theory on different facts. So if there are no further questions, I would like to suggest this court rule on both sides of the either-or because defendants can't have it both ways. First, that this kind of appellate counsel claim under Gunner, like all appellate counsel claims, must be exhausted before it can serve as cause for an underlying default. And second, when an appellate counsel claim is used as cause, pinholster and Harrington still apply. That is, the state court still gets epidefference. There still cannot be a hearing on the underlying claim, and in this case, it means conceding that the state court got it right in finding that there is no Sykes prejudice to the defendant because appellate counsel correctly made a strategic decision not to raise these claims on direct appeal or to tell Mr. Williams to raise them in a post-conviction petition because those underlying claims lack merit. Thank you, and if there are no further questions. Thank you. May it please the court, I'd like to make two brief points. The first is that there is no epidefference as to the ineffective assistance of appellate counsel claim. As this court has stated time and again, when you have an ineffective assistance claim that is being used to satisfy the cause and prejudice requirement, not an independent claim on which the habeas petitioner is asking to grant relief. That is reviewed de novo. The only time you get epidefference is when the actual claim is the one that will give rise to the grant of relief, not a cause and prejudice claim, essentially. That's in the Joseph v. Coyle case, and I believe most recently in Hale v. Burt. The second point that I'd like to make is that the theories that Williams raised in his 26B are not conflicting, as the state says here. Again, we're looking at a single deficiency that gives rise to two consequences, and the second of which is the loss of the post-conviction claim. And here I want to point the court to my reply brief at page 6, where we list all the places, and specifically I would say pages 239 and 261 of the record, or 260, I'm sorry, where Williams specifically discusses with the state the fact that he no longer can file a post-conviction petition. So we think here that it would not be at all lost on the state court, that that was the consequence of the single prejudice, the failure to communicate and the failure to advise as to the claim. And in fact, that that prejudice is so recognized that there's a presumption of prejudice under the Roe v. Flores-Ortega case, which is well settled. So again, we don't think that that would have been lost on the state courts at all. There are no further questions. Thank you. We note that, Mr. Cheney, you're appearing under the Civil Justice Act, and on behalf of the panel, let me just say how much we appreciate the excellent both written and oral advocacy you've given on behalf of your client here. Please convey our appreciation to Akin Gump for continuing to allow you to participate in these cases. It really does a great service both to the client and to the court as well. So thank you.